IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | **NO. 18-5418** |
| v. | : | |
| **MELISSA ARNETTE ELLIOTT** | : | **LEAD CASE** |
| a/k/a MISSY "MISDEMEANOR" | : | |
| **ELLIOTT,** *et al.* | : | |
| *Defendants* | : | |

| | | |
|---|---|---|
| **MELISSA ARNETTE ELLIOTT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | **NO. 21-2290** |
| v. | : | |
| **TERRY WILLIAMS** | : | |
| *Defendant, pro se* | : | |

**ORDER**

**AND NOW**, this 14th day of May 2025, upon consideration of Melissa Arnette Elliott's ("Elliott") *motion for alternative resolution*, (ECF 301),[1] Terry Williams' ("Williams") response in opposition, (ECF 302), Elliott's reply,[2] (ECF 305), Elliott's supplemental declaration and

---

[1] Unless otherwise noted, references to the record refer to the lead case, *Williams v. Elliott*, 18-cv-5418. By way of the underlying motion for alternative resolution, Elliott moves to bifurcate this mater and asks this Court to first conduct an evidentiary hearing on the parties' respective declaratory judgment copyright ownership claims pursuant to Federal Rule of Civil Procedure ("Rule") 57. (ECF 301). To address this motion a brief summary of the procedural history is warranted.

[2] In the operative complaint, Williams asserts claims premised on allegations that he is the uncredited co-author of multiple songs composed with Elliott which were later used in other derivative works without his permission. (ECF 91). Williams' complaint against Elliott includes, *inter alia*, claims of breach of contract, unjust enrichment, accounting, constructive trust, and declaratory judgment of copyright ownership. (*Id.*). Williams contends that he and Elliott created over thirty unpublished songs (the "unpublished songs"), some of which were later used by Elliott to create works that were released without crediting or paying Williams. Specifically, Elliott was a member of the R&B musical group "SISTA," which released an album in 1994 that includes songs Williams contends he jointly owns. Williams also claimed he was a joint owner of the song "*Heartbroken*," which was released on the album of musical artist Aaliyah, and for which Elliott received credit as a songwriter. Elliott filed a separate complaint against Williams styled *Elliott v. Williams*, 21-cv-2290, asserting claims for declaratory judgment of copyright authorship and ownership. Elliott's action alleges that she is the sole owner of the lyrics, vocal arrangements, and melodies in the unpublished songs, that the unpublished songs are not joint works of authorship between her and Williams, and that she is the sole and exclusive owner of certain handwritten materials. (*See* ECF 68, in *Elliott v. Williams*, 21-cv-2290).

The parties filed cross motions for summary judgment. (ECF 269 and 270). By Order and accompanying Memorandum Opinion filed on August 26, 2024, this Court granted *in part*, and denied, *in part*, the parties' cross-motions for summary judgment. (*See* ECF 285 and 286). Specifically, in the matter *Williams v. Elliott*, 18-cv-5418, this Court granted Elliott's motion for summary judgment as to all of Williams' claims premised on the song *Heartbroken*, denied Elliott's motion for summary judgment as to all of Williams' claims premised on the SISTA songs, and denied Williams' motion for summary judgment as to all of his claims. (ECF 285). This Court also denied both parties' motions for summary judgment with respect to their claims asserted in *Elliott v. Williams*, 21-cv-2290. (ECF 286). On November 13, 2024, this Court held a final pretrial conference, during which Elliott's counsel requested permission to file a motion for alternative resolution. (ECF 297). Elliott's request was granted within the Final Pretrial Order. (ECF 298).

As noted, by way of the underlying motion for alternative resolution, Elliott moves to bifurcate this mater and asks this Court to first conduct an evidentiary hearing on the parties' respective declaratory judgment copyright ownership claims pursuant to Rule 57. (ECF 301). Elliott argues that such a hearing is warranted because the underlying facts are largely undisputed and because a declaration that the unpublished songs are not joint works of authorship would result in the dismissal of the remaining claims. (*Id.*). That is so, Elliott argues, because in order to prevail on his claims, Williams must demonstrate both that the unpublished songs are joint works of authorship and that the SISTA songs at issue are derivative works based upon these joint works. (*Id.*). Moreover, Elliott contends that, even if Williams prevails on his claims, he would be entitled to only $27.16. (*Id.*). Therefore, Elliott argues, this Court should conduct an evidentiary hearing "before expending the Court's valuable time and resources on a jury trial." (*Id.*). Williams opposes Elliott's motion and argues that Elliott's liability to him is estimated to be over one million dollars. (ECF 302). Additionally, Williams notes that he has demanded a jury trial and does not consent to waive a jury trial. (*Id.*). Williams also disputes Elliott's version of the facts. (*Id.*).

Rule 57 provides that "[t]he court may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57. This Court has "broad discretion to determine whether some or all of [the] requests for declaratory judgment should be entertained in an expedited fashion." *Cnty. of Butler v. Wolf*, 2020 WL 2769105, at *2 (W.D. Pa. May 28, 2020); *Hubay v. Mendez*, 500 F. Supp. 3d 438, 443 (W.D. Pa. 2020). District courts' broad discretion to decide whether expedited proceedings are warranted stems from their "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Cnty. of Butler*, 2020 WL 2769105, at *2 (quoting *Walsh/Granite JV v. HDR Eng'g, Inc.*, 2018 WL 10228381, at *1 (W.D. Pa. Jan. 3, 2018)). In determining whether to hold an expedited hearing, courts have considered whether expedited proceedings would narrow or resolve the issues in the matter. *Id.* at *2. Additionally, "[e]xpedited proceedings on a motion for declaratory judgment are appropriate where the determination is largely one of law, and factual issues … are not predominant." *Id.*; *see also Hubay*, 500 F. Supp. 3d at 443.

Even assuming, without deciding, that this Court may set aside Williams' jury demand and conduct such an evidentiary hearing, this Court declines to exercise its discretion to do so. There are significant factual issues that must be resolved in this matter. Parties dispute whether certain songs were jointly authored by Williams and Elliott – a determination that requires resolving factual issues, such as weighing witnesses' respective credibility and other evidence. (*See* ECF 301, 302). For instance, Elliott argues that, based, in part, on Williams' deposition testimony, it is undisputed that Williams never intended to jointly own rights in the subject recordings. (ECF 301, at p. 8). However, Williams argues that Elliott took his testimony out of context, and that his deposition response did not convey that he did not intend to co-own

exhibits,[3] (ECF 308), Williams' objections to and request to strike and for sanctions with respect to Elliott's supplemental declaration and exhibits, (ECF 310), Elliott's response to Williams' objections and request to strike Elliott's supplemental declaration and exhibits, (ECF 311), and Williams' reply, (ECF 314), it is hereby **ORDERED** that the motion for alternative resolution is **DENIED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

the songs, rather it expressed his view that he is the sole author of the sound recordings. Factual issues like these are best resolved at trial. Accordingly, Elliott's motion is denied.

[3] After the parties briefed the underlying motion for alternative resolution, Elliott filed a supplemental declaration and exhibits. (ECF 308). In her supplemental declaration, Elliott contends that, after she filed her reply, she learned that her former attorney had recently uncovered physical copies of recording agreements and related documents that confirm the SISTA songs at issue in this matter were created before she met Williams. (*Id.*). Williams objects to Elliott's filing, arguing that the documents purportedly uncovered are not authentic, and requests that this Court strike the documents and sanction Elliott. (ECF 310).

Considering the totality of the arguments presented, this Court concludes that the underlying motion for alternative resolution lacks merit and that the matter should proceed to trial. Because Williams contends these documents are "fake," (ECF 310, at p. 6), the authenticity of the documents is a factual issue to be resolved at trial.

Williams' objection and request to strike Elliott's filing are denied, at this stage of the proceedings. These arguments are better suited for a motion *in limine*. At that time, Williams may raise the issue of whether Elliott's purported late disclosure of this information precludes its use at trial. Finally, sanctions against Elliott at this time are not warranted because Elliott believes these documents to be authentic and conveys that she promptly produced these documents once they were found. (ECF 311).

3